**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION**

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | CIVIL ACTION NO. _____ |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **COMPLAINT FOR UNFAIR** |
| | § | **COMPETITION** |
| | § | |
| | § | |
| **R & D GLOBAL, LLC D/B/A BEPIC,** | § | |
| **AND FRANCO CAVALARI** | § | |
| | § | |
| *Defendants*. | § | |

**ORIGINAL COMPLAINT**

Plaintiff Pruvit Ventures, Inc. ("Pruvit") by its undersigned attorneys, files this Original

Complaint against Defendants R&D Global, LLC d/b/a BEpic and Franco Cavalari, and would

respectfully show the Court as follows:

**I.
NATURE OF THE ACTION**

1.      This is an action for unfair competition under the  Lanham Act, 15 U.S.C. § 1051,

*et seq.* and common law. Pruvit brings this action against Defendant R & D Global, LLC d/b/a B

Epic ("R&D") and Franco Cavalari ("Cavalari") because Defendants are willfully and  unlawfully

marketing and selling products through false statements and using similar marketing and packaging

likely to confuse, deceive or mislead customers into believing Defendants' misrepresentations.

**II.
PARTIES**

2.      Pruvit Ventures, Inc. is a domestic corporation authorized to conduct business in

the state of Texas with a principal place of business located in Collin County, Texas at 901 Sam

Rayburn Hwy, Melissa, Texas 75454.

3.     Defendant **R & D Global, LLC d/b/a BEPIC** is a Utah limited liability company. Upon information and belief, at all relevant times herein, B-Epic engages in and is doing business in Texas.  Accordingly, B-Epic may be served with process by serving its registered agent, **Richard Theodore Putnam, at 545 S. Valley View Drive, Unit 155, St. George, Utah 84770,** as its agent for service.

4.     Defendant **Franco Cavalari** is an individual who resides in Canada. Cavalari may be served with process by serving him at his place of business **688-2397 King George Blvd., White Rock, BC V4A 7E9, Canada**, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

5.     This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.* and the related laws of the state of Texas.  This Court has jurisdiction over the subject matter of  this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).

6.     This Court has personal jurisdiction over Defendants, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Pruvit is being harmed in this District and/or because Defendants are promoting, offering, and/or selling infringing goods into this District.

### IV.
### STATEMENT OF FACTS

**A.  PRUVIT VENTURES, INC.'S TECHNOLOGY AND AGREEMENTS WITH ITS PROMOTERS.**

7.     Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products.

8.     Pruvit is a network marketing community-based company that has independent promoters, called Pruvers, that market and sell its unique products throughout the country.  Over

time, as senior Pruvers bring in new Pruvers, an up-line and down-line structure is created. In many cases, Pruvit's successful Pruvers have created extensive downlines of fellow Pruvers totaling in the hundreds.

9.      Pruvit invests significant amounts of time, money, and resources into protecting its technology and the integrity of its community of representatives. When a Pruver leaves Pruvit, it can adversely affect both the compensation of other Pruvers as well as the profits of Pruvit.

10.     As part of Pruvit's business, it holds an exclusive sub-license to market ketone products that utilize BHB salts in the network marketing space.

11.     For years, Pruvit has actively marketed and sold a product line that utilizes this ketone technology. In order to protect this license, the technology, Pruvit's customers, and its Pruvers, Pruvit requires each Pruver to agree to its Statement of Policies and Procedures (the "Pruver Agreement"). The Pruver Agreements provides protections for Pruvit's formulas, customers, marketing, technology and/or trademarks. Pruvit enforces the Pruver Agreement to protect its private and confidential information.

## B. PRUVIT COMPETITOR B-EPIC'S PROMOTION AND DISSEMINATION OF FALSE AND MISLEADING PRODUCT INFORMATION.

12.     According to its website, B-Epic is a multi-level direct sales company that markets and sells "lifestyle products…created to naturally enhance health and wellness ... as well as add more EPIC-ness to everyday life"[1] through a network of B-Epic "Brand Partners."

13.     One of B-Epic's new products is called "B-KETO," which B-Epic claims "rapidly fuels mental and physical performance and may naturally promote fat burning and weight loss."[2]

---

[1] *See* https://www.bepic.com/0/index.php?page=.

[2] *See* https://www.bepic.com/0/index.php?page=bketo.

14.     Upon information and belief, B-KETO was formulated, in pertinent part, by Defendant Franco Calavari ("Calavari"), a self-proclaimed doctor who is actually a Ph.D. candidate at the University of British Columbia.[3]  As evidenced by B-Epic's media pages, B-Epic's marketing of B-KETO is heavily based on Calavari's representations about B-KETO.

15.     Despite B-Epic's and Calavari's claims that B-KETO has been extensively researched, many of the statements made by B-Epic and Calavari about B-KETO are simply false and/or misleading.  For example, B-Epic and Calavari claim that by taking B-KETO, "you lose weight from the first minutes of physical activity (not from the 15-20th minute, as usual)."[4] However, upon information and belief, not only has this claim not been verified by any independent laboratory in a competent manner, it is also demonstrably untrue as no known product outside of perhaps the potentially dangerous drug ephedra is believed to have achieved a result close to this.

16.     Further, on B-KETO's Supplemental Facts panel, B-Epic and Calavari claim that B-KETO consists of 10 calories per serving (one 4.5 gram stick), a 3,000 milligram "BHB-BA Blend," 50 milligrams of caffeine, and a chemical substance they call "Glyvia."[5] However, upon information and belief, and assuming that B-Epic's and Calavari's claim that B-KETO contains 3 grams of this so-called "BHB-BA Blend" is indeed true, B-KETO's Supplemental Facts panel either (1) misrepresents the actual, total number of calories contained in one serving of B-KETO; (2) misrepresents the actual sodium, calcium, and/or magnesium content contained in one serving of B-KETO; and/or (3) misrepresents the actual amount of β-Hydroxybutyrate ("Butyrate")

---

[3] According to Calavari's website, he has been working towards a Ph.D. in Experimental Medicine at UBC since 2012 but has yet to complete and obtain his degree.

[4] *See* https://epic-supplements.com/b-epic-b-keto/.

[5] *See id.*

contained in each serving of B-KETO.

17.    In addition to the foregoing, B-Epic and Calavari claim that B-KETO "lower[s] your risk of type 2 & 3 diabetes." [6] Based on the research put forward by Calavari's own company regarding Glyvia (a chemical substance apparently created by Calavari that is purportedly "patent pending"), Glyvia does not lower but may actually *increase* insulin production in the body:

> Insulinogenic activity – promotion of insulin secretion
>
> GLYVIA$^{TM}$: At approximately 15 minutes after administration of GLYVIA$^{TM}$ powder we begin to see a rise in insulin secretion induced by both GLYVIA$^{TM}$ powder formulations. In fact, at this time point [*sic*] the insulinogenic (insulin secreting) potential is greater by GLYVIA$^{TM}$ than by Glyburide (antidiabetic drug).[7]

Further, not only do B-Epic and Calavari claim that B-KETO "lower[s] your risk of type 2 & 3 diabetes," they also claim in the same marketing material that B-KETO "doesn't interfere with or inhibit ketogenesis like ordinary BHB supplements,"[8] and it "has new power [*sic*] health benefits and prolongs fatty acid oxidation and ketogenesis in the body."[9] Importantly, upon information and belief, these statements in B-Epic's marketing material are misleading and directly contradict one another, as insulin production in the body actually turns *off* the body's "ketogenesis" process.

18.    As evidenced by their social media pages, B-Epic's Brand Partners' marketing and promotion of B-KETO is based on B-Epic's and Calavari's false and misleading statements regarding this product.  Defendants are also actively building B-Epic's field of Brand Partner representatives, including the recruitment of those affiliated with Pruvit, based upon these and

---

[6] *See id.*

[7]    *See*    https://qhitayi5gp2n.wpcdn.shift8cdn.com/wp-content/uploads/2020/02/Glyvia-Brochure-New_5.pdf.

[8] *See* https://epic-supplements.com/b-epic-b-keto/.

[9] *See id*.

substantially similar false and misleading statements.

### C. INJURY TO THE PUBLIC AND PRUVIT

19.     Defendants' misrepresentation regarding their product is likely to cause confusion, mistake, and deception as to the source or origin of Defendants' products and commercial activities.

20.     Defendants' past and present material misrepresentations regarding their B-KETO product has damaged and irreparably injured Pruvit, and, if permitted to continue, will further damage and irreparably injure Pruvit, its reputation and goodwill, and the public's interest in being free from confusion.

## V.
## CAUSES OF ACTION

21.     The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

### FIRST CLAIM FOR RELIEF

#### UNFAIR COMPETITION UNDER SECTION 43(A)(1)(A) OF THE
#### LANHAM ACT, 15 U.S.C. § 1125(A)(1)(A)

22.     Defendants B-Epic and Cavalari market their products through false and misleading statements, often contradicting themselves. Defendants' misrepresentations directly harm the public, creates a sense of distrust in the keto industry, and harms Pruvit.

23.     Defendants' misrepresentations and false advertising are knowing, intentional, and willful violations of 15 U.S.C. § 1125.

24.     Defendants' use of false or misleading representations of fact in commercial advertising or promotion misrepresents the nature, characteristics and/or qualities of the subject goods.

25.     Defendants' use of false or misleading representations of fact has the tendency to

deceive a substantial portion of the target consumer audience or actually deceives the target customers.

26.     Defendants' false or misleading representations of fact are material because they are likely to influence the purchasing decision of target customers.

27.     Defendants' false or misleading, as represented, products are advertised, promoted, sold and distributed in interstate commerce.

28.     Pruvit has been and continues to be injured by Defendants' false or misleading representations through the diversion of sales or loss of good will, as well as the recruitment of Pruvit's representatives based upon false or misleading representations.

29.     Defendants know that their representations of fact are false or misleading.

30.     Defendants' false or misleading representations of fact were done in bad faith and malice or reckless indifference to Pruvit's and consumer's interest.

31.     As a result of Defendants' acts, Pruvit is suffering irreparable harm, for which it has no adequate legal remedy.  Unless and until Defendants are enjoined by this Court, Defendants will continue  to disseminate false information regarding B-Keto, and will continue to deceive the public and cause irreparable harm to the public and  Pruvit.

32.     Pruvit is entitled to recover all damages that Pruvit has  sustained from Defendants' acts, disgorgement of Defendants' profits, prejudgment interest, and the costs of the action pursuant to 15 U.S.C. § 1117.

33.     Because Defendants' conduct is willful, Pruvit is also entitled to recover treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## VI.
## CONDITIONS PRECEDENT

34.    All conditions precedent to Pruvit's right to bring the above causes of action, and

for recovery against Defendants requested herein, have been performed, excused, or otherwise

already occurred.

## VII.
## EXEMPLARY DAMAGES

35.    Pruvit is entitled to exemplary damages for Defendants' intentional conduct,

because such acts were committed with that level of mental culpability for which Texas law allows

a jury to impose punitive damages.  Pruvit seeks an award of such damages.

## VIII.
## ATTORNEY FEES

36.    Pruvit seeks the recovery of attorney's fees pursuant to 15 U.S.C. § 1117.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Pruvit requests Defendants be cited to

appear and answer, and that upon final hearing, Pruvit be awarded the following:

(1)    Pruvit be granted judgment against Defendants, jointly and severally, for damages within the jurisdictional limits of this Court;

(2)    Awarding damages to Pruvit adequate to compensate Pruvit for Defendants' false marking and unfair competition, together with pre-judgment and post-judgment interest thereon;

(3)    Pruvit be granted judgment against Defendants for exemplary damages within the jurisdictional limits of this Court;

(4)    Finding this to be an exceptional case pursuant to 15 U.S.C. §1117;

(5)    Pruvit be granted judgment against Defendants for reasonable and necessary attorney's fees, costs of suit, and pre- and post-judgment interest; and

---

(6)      Pruvit be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**


*/s/ Mark L. Hill*
**MARK L. HILL**
State Bar No. 24034868
mark.hill@solidcounsel.com
**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**KELLY E. KLEIST**
State Bar No. 24046229
kelly.kleist@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Tel.:    (214) 472-2100
Fax:    (214) 472-2150

**ATTORNEYS FOR PLAINTIFF
PRUVIT VENTURES, INC.**